UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YOLANDA SANTIAGO,

                       Plaintiff,                                  **MEMORANDUM OF DECISION & ORDER**

                   -against-

COMMISSIONER OF SOCIAL SECURITY,        22-CV-4345 (GRB)

                   Defendant.
-----------------------------------------------------------------X

**GARY R. BROWN, United States District Judge**:

      In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), plaintiff Yolanda Santiago ("plaintiff" or "claimant") challenges final determinations by the Commissioner of the Social Security Administration ("defendant" or "Commissioner") that she was ineligible to receive Social Security disability insurance benefits. *See* Docket Entry ("DE") 1. Presently before the Court are the parties' cross motions, pursuant to Fed R. Civ. P. 12(c), for judgment on the pleadings. DE 12 (plaintiff's); DE 17 (defendant's).

      In its review, the Court has applied the frequently reiterated standards for entitlement to Social Security disability benefits, review of a denial of such benefits, consideration of motions for judgment on the pleadings, examination of the procedures employed, the substantial evidence rule, deference accorded to ALJ decisions, evaluation of vocational evidence and the weight accorded to medical provider opinions. These standards, along with numerous authorities and citations, are discussed at length, merely by way of example, in *Zacharopoulos v. Saul*, 516 F.Supp.3d 211 (E.D.N.Y. 2021), which discussion is hereby incorporated by reference.

1

In this case, plaintiff worked as a medical clerk and receptionist, continuing that work until approximately 2018.[1]  Plaintiff suffers from an array of ailments, some of which are serious, yet much of which preceded the cessation of substantial gainful employment.  For example, plaintiff underwent a spinal fusion procedure in the late 1990s.  Tr. 51-52.  She underwent a hip replacement in 2017.  Tr. 376.

Principally, counsel for plaintiff contends that the ALJ erred in failing to adequately weigh a residual functional capacity assessment provided by Dr. Mosak, one of plaintiff's treating providers.  That assessment suggests that plaintiff labors under severe restrictions, most notably that she is incapable of sitting for more than one hour during a workday, and only one-half hour without interruption.  Tr. 643.  Other than a list of diagnoses at the outset, Dr. Mosak failed to provide any medical findings to support these conclusions.  *See id.*  Worse yet, Dr. Mosak opined that these limitations had been present since the year 2000, long before Dr. Mosak first saw the plaintiff and, perhaps more notably, some 18 years before she stopped working.  Tr. 644.  Based on other evidence of record, the ALJ determined that, notwithstanding Dr. Mosak's responses, plaintiff retains the capacity to perform her past relevant work, which was deemed to be sedentary.  Tr. 22.

In considering the record as a whole, the ALJ's opinion is amply supported by substantial evidence.  *See Zacharopoulos*, 516 F.Supp.3d at 220 ("[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive, 42 U.S.C. § 405(g), and therefore, the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*.'") (quoting *Bonet ex rel. T.B. v. Colvin*, 523 F.

---

[1] Confusion about when plaintiff stopped working led to an amendment of the onset date of disability.  DE 11 ("Tr.") 48-49.

App'x 58, 59 (2d Cir. 2013)). While plaintiff's counsel accuses the ALJ of "cherrypicking" medical evidence and disregarding portions of the record, I find that the decision was thoughtfully done. Thus, this Court must AFFIRM the decision of the Commissioner.

Based on the foregoing, the Commissioner's motion is GRANTED, and the plaintiff's motion is DENIED. The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
January 26, 2024

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

3